IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARDELLA ANTIONNE JACKSON, ) <br> # 284536, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KENNETH SCONYERS, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. 1:13cv650-WHA <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 6, 2013, by Alabama prisoner Cardella Antionne Jackson.

## I.  BACKGROUND

On May 14, 2012, Jackson pled guilty in the Houston County Circuit Court to one count of first-degree sodomy, in violation of § 13A-6-63, Ala. Code 1975, and three counts of second-degree sodomy, in violation of § 13A-6-64, Ala. Code 1975.  That same date, the trial court sentenced Jackson to 15 years in prison for each conviction, all terms to run concurrently.

Jackson appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit "*Anders* brief"[1] stating that he could find no arguable issues for appeal.  *Resp'ts Ex. B*.  Jackson was afforded an opportunity to submit *pro se* issues for

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

appellate review and did so in a brief in which he asserted claims that (1) his convictions for three separate counts of second degree sodomy violated the prohibition against double jeopardy because the sexual acts underlying the convictions were part of a continuing course of conduct and therefore constituted a single offense (*Resp'ts Ex. C*), and (2) his trial counsel rendered ineffective assistance of counsel (*see Resp'ts Ex. D* at 3[2]).

On March 15, 2013, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Jackson's convictions and sentence, finding that (1) his double-jeopardy claim lacked merit because the conduct underlying his convictions for second-degree sodomy involved separate and distinct sexual acts, and (2) his claim of ineffective assistance of counsel was not proper for appellate review because it was raised for the first time on appeal. *Resp'ts Ex. D*.

Jackson applied for rehearing, which the appellate court overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on June 7, 2013, issuing a certificate of judgment the same day. *Resp'ts Exs. E & F*.

On September 6, 2013, Jackson filed this § 2254 petition for habeas corpus relief, reasserting the double jeopardy claim he presented in the state courts. *See Doc. Nos. 1 & 2*. The respondents maintain that the state court decision rejecting the claim was correct. *Doc. No. 9*.

After review of the parties' submissions, the record, and the applicable law, the

---

[2] Page references in this Recommendation are to those assigned by CM/ECF.

undersigned finds that Jackson is not entitled to federal relief and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Standard of Review

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is

3

objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, __, 131 S.Ct. 770, 786 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.      Jackson's Double-Jeopardy Claim**

Jackson claims that his convictions for three separate counts of second degree sodomy violated the prohibition against double jeopardy because the sexual acts underlying the convictions were part of a continuing course of conduct and therefore constituted a single offense.[3] *Doc. Nos. 1 & 2.* As noted above, the Alabama Court of Criminal Appeals found that Jackson's double jeopardy claim lacked merit because the conduct underlying his convictions for second degree sodomy involved separate and distinct sexual acts. *Resp'ts Ex. D* at 3.

The Double Jeopardy Clause of the Fifth Amendment provides that the government shall not put a person in jeopardy of life or limb twice "for the same offence." U.S. Const. amend. V. The protection against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). The Double Jeopardy Clause affords a defendant three basic protections: (1) protection against successive prosecution for the same offense after acquittal; (2) protection against successive prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Here, Jackson argues that the third protection – against multiple punishments for one offense – was violated.

The problem of determining whether two offenses are the same for the purpose of establishing whether multiple punishments are permitted arises in two different contexts.

---

[3] Jackson does not challenge his conviction for first degree sodomy, which involved a victim different from the victim named in the three counts of second degree sodomy.

5

One is the "double description" context, where the question is whether two statutes describe two separate offenses or are merely different descriptions of the same offense. *See Gore v. United States*, 357 U.S. 386, 392 (1958). The second is the "unit of prosecution" context, where the question is whether a course of conduct that violates one statute may be divided into separate charges covering different temporal periods. *See Bell v. United States*, 349 U.S. 81, 83-84 (1955). In both contexts, the purpose of the component of the Double Jeopardy Clause that protects a defendant against cumulative punishments is to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Jackson's argument arises in the "unit of prosecution" context.

Under Alabama law, "[a] person commits the crime of sodomy in the second degree if ... [h]e, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old." § 13A-6-64(a)(1), Ala. Code 1975. Deviate sexual intercourse is defined as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." § 13A-6-60(3), Ala. Code 1975.

The Alabama Court of Criminal Appeals' opinion noted that Jackson was charged with three counts of second degree sodomy under § 13A-6-64(a)(1) "for three discrete acts of engaging in deviate sexual intercourse with another person less than 16 and more than 12 years old, while being 16 years or older" and that the State's proffer at Jackson's guilty plea

hearing "established that during the course of a single evening, M.T.– who was fifteen years old at the time – performed oral sex on Jackson, that Jackson performed oral sex on M.T., and that Jackson engaged in anal intercourse with M.T." *Resp'ts Ex. D* at 3. Therefore, Jackson was not punished twice for the same sodomy on M.T.; instead, he was punished for thrice sodomizing MT.: first for having M.T. perform oral sex on him, second for performing oral sex on M.T., and third for engaging in anal intercourse with M.T. Each sodomy constituted a separate crime and was properly punished as such.

The courts of Alabama have held that multiple acts of sodomy or sexual abuse against the same victim over a period of time constitute separate and distinct offenses and are punishable as such. In *Rhodes v. State*, 651 So.2d 1122, 1124 (Ala. Crim App. 1994), the Alabama Court of Criminal Appeals determined that "[t]hough the acts [of sodomy and sexual abuse of the twelve-year-old victim by her uncle] occurred during the course of one evening, it is clear from [the victim's] testimony that two separate instances were involved." *See also Holley v. State*, 671 So.2d 131, 132-33 (Ala. Crim. App. 1995) (finding that the appellant's acts constituting sodomy and sexual abuse of his nine-year-old daughter, which occurred during the course of one night, were separate and distinct criminal offenses for which he could be lawfully punished); *Madden v. State*, 602 So.2d 1193, 1194 (Ala. Crim. App. 1991) (holding appellant's two prior sodomy convictions from Georgia, one anal and the other oral, which allegedly arose from the same transaction, were properly used to sentence appellant as habitual offender. "[A]lthough the sodomies occurred close in time,

they constituted two acts. Although a defendant is often not charged for two counts of the same offense where he committed the acts as part of the res gestae, clearly he violated the statute twice and thus could be charged and convicted twice. ... There is no language in the [sodomy] statute charging that the violations of this offense must be combined into one violation where they were close in time."); *Hendrix v. State*, 589 So.2d 769, 772 (Ala. Crim. App. 1991) (sodomy and sexual abuse "were separate and distinct crimes which arose as a result of different conduct[,]" and "[w]here there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be legally had under multiple counts of an indictment").

The evidence showed that Jackson engaged in separate sexual acts constituting separate and distinct offenses, justifying the separate counts of second degree sodomy even though the criminal episode occurred during the course of a single evening. Therefore, the state court's rejection of Jackson's double jeopardy claim was not an unreasonable application of federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Summers v. Jones*, 2009 WL 1159048 (S.D. Ala. Apr. 28, 2009) (denying habeas relief for similar double-jeopardy claim regarding multiple Alabama convictions of first-degree sodomy arising from single criminal episode). Jackson is not entitled to habeas relief on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief under 28 U.S.C. § 2254 filed by Jackson be DENIED and that this case be DISMISSED with prejudice.  It is further

ORDERED that on or before July 28, 2015, the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of July, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE