IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARDELLA ANTIONNE JACKSON, #284536, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CASE NO. 1:13-cv-650-WHA ) |
| KENNETH SCONYERS, et al., | ) (WO) ) |
| Respondents.. | ) |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #15), entered on July 13, 2015, and the Petitioner's Objection (Doc. #16), filed on July 23, 2015.

The court has conducted an independent evaluation and *de novo* review of the file in this case, and, having done so, finds the objection to be without merit.

This Magistrate Judge entered a Recommendation finding that Jackson's 28 U.S.C. § 2254 petition should be denied. In his petition, Jackson claimed that his Alabama convictions for three separate counts of second-degree sodomy violated the prohibition against double jeopardy because the sexual acts underlying the convictions were with the same person on the same day and were part of a continuing course of conduct and therefore constituted a single offense. The Recommendation found that the state court's rejection of Jackson's double-jeopardy claim was not an unreasonable application of federal law as determined by the Supreme Court, because the evidence showed that Jackson engaged in three separate sexual acts constituting separate and distinct offenses, justifying the separate counts of second-degree sodomy, even though the criminal episode occurred during the course of a single evening.

1

In his Objection, Jackson cites two Alabama sex-offense cases which were not cited to the Magistrate Judge, *King v. State*, 574 So.2d 921 (Ala. Crim App. 1993), and *Williams v. State*, 10 So.3d 1083 (Ala. Crim. App. 2008), involving defendants who obtained relief on double-jeopardy grounds.  However, those cases are factually inapposite to Jackson's case.

The court in *King* found:

> After evaluating the appellant's convictions in light of the above cases, we find that the appellant could not be convicted of sexual abuse in the first degree and rape in the first degree, since sexual abuse in the first degree is a lesser included offense of rape in the first degree.  Nor could he constitutionally be convicted of two counts of the same statute. "The Double Jeopardy Clause ... protects against multiple punishments for the same offense. [citation omitted].  Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).   This in no way implies that if there were more than one instance of the complained of conduct the appellant could not be convicted under each statute.  However, the evidence in the instance case is clear that only one act took place.  Thus, the appellant could constitutionally only be convicted of one count instead of the four counts of which he was convicted here.

574 So.2d at 929.

Thus, the evidence in *King* established only one unlawful sexual act, which was improperly used to support four convictions.  In Jackson's case, however, the evidence established three distinct unlawful sexual acts.

In the other Court of Criminal Appeals case cited in Jackson's Objection, the court said:

> Williams was indicted for two counts of first-degree rape and two counts of first-degree sexual abuse.  All charges related to a single victim, V.C.  The first count of rape charged that Williams had sexual intercourse with the victim by forcible compulsion, a violation of § 13A-6-61(a)(1), Ala.Code 1975.  The second count of rape alleged that Williams engaged in sexual intercourse with the victim when Williams was over the age of 16 and the victim was less than 12 years old, a violation of § 13A-6-61(a)(3), Ala.Code 1975.  The first count of sexual abuse charged that Williams subjected the victim to sexual contact by forcible compulsion, a violation of § 13A-6-66(a)(1), Ala.Code 1975.  The second count of sexual abuse charged that Williams subjected the victim to sexual contact when Williams was over the age of 16 and the victim was less than 12 years old, a violation of § 13A-6-66(a)(3), Ala.Code 1975....

>All four counts were submitted to the jury, and Williams was convicted of all four counts.  On May 18, 2007, Williams was sentenced to a term of life imprisonment for each rape conviction and to 10 years' imprisonment for each sexual-abuse conviction.  The trial court ordered the sentences to be served consecutively.

10 So. 3d at 1084.

The court found that a double-jeopardy violation had occurred, reasoning as follows:

>... Based on the evidence, Williams's motion for a judgment of acquittal, and the trial court's jury charge, the State appeared to be prosecuting Williams under alternate theories of rape for a single incident and under alternate theories of sexual abuse for a single incident rather than charging separate counts of rape for separate incidents and separate counts of sexual abuse for separate incidents.  As in *Robey* and as in *Johnson*, Williams was "charged with and convicted of two counts of violating one statutory offense based on alternative means of committing that offense." 950 So.2d at 377. *See also King v. State*, 574 So.2d 921 (Ala .Crim. App.1990).
>
>Therefore, in accordance with *Ex parte Rice, supra*, and *Carlisle v. State*, 963 So.2d 170 (Ala.Crim.App.2006), we remand this case for the trial court to enter a new order that adjudges Williams guilty of one count of rape and one count of sexual abuse and sentences him for each of those single offenses.

10 So.3d at 1088.

Unlike Williams, Jackson was not improperly convicted of multiple counts based on alternative means of committing a single offense (i.e., a single unlawful act), but instead was convicted of committing three separate and distinct unlawful acts that took place in the course of a single evening.

In this case, the Alabama Court of Criminal Appeals had affirmed Jackson's convictions and sentence, rejecting the double jeopardy claim on the basis that his convictions for second degree sodomy involved separate and distinct sexual acts.  The Recommendation cited several earlier decisions by that court with the same effect, and went on to hold that the state court's rejection of Jackson's double jeopardy claim was not an unreasonable application of federal law as determined by the Supreme Court.  The court agrees with that finding.  The court also agrees

3

with the Magistrate Judge that, therefore, Jackson is not entitled to federal relief and that his petition should be denied without an evidentiary hearing.

Therefore, for the reasons stated, the objection of Petitioner is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief under 28 U.S.C. § 2254 is DENIED, and this case is DISMISSED with prejudice.

DONE this 19th day of August, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE